IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL EDWARD EQUELS,

    Plaintiff,                      No. CIV S-03-2589 FCD KJM P

vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.                <u>FINDINGS & RECOMMENDATIONS</u>

                            /

        On August 4, 2004, the court dismissed plaintiff's complaint and gave him leave to file an amended complaint on only one ground. On September 27, 2004, plaintiff filed a fifty-two page amended complaint, which includes the grounds the court previously found not to state a cause of action and the one ground the court found had the potential of stating a claim under the Civil Rights Act, 42 U.S.C. § 1983. In these findings and recommendations, the court will discuss the new spin plaintiff has placed on his Sherman Act claim and his amended due process attack on the changes to prison regulations that forbid an inmate's family from sending quarterly packages. For the reasons stated in the order of August 4, 2004, however, the court rejects plaintiff's attempts to have the case proceed as a class action, his claim that the regulation violates the guarantee of equal protection, and his argument that the processing fee on packages

1

1  is an excessive fine and violates the Eighth Amendment's proscription against cruel and unusual
2  punishment.  In addition, portions of the amended complaint simply are incomprehensible and do
3  not meet the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that the
4  complaint contain a short and plain statement of the claims.  <u>See</u>, <u>e.g.</u>, Am. Compl. at 32 (CDC
5  package regulations make "John Q. Public guilty by association, reducing them to <u>Pretrial</u>
6  <u>Detainees</u> because they are without due process they must therefore, submissively submit to
7  CDC's will because in not doing so John Q. Public is "stymie) [<u>sic</u>] from contact.").

8      A.  <u>Sherman Act</u>

9        In the order filed August 5, 2004, this court rejected plaintiff's Sherman Act
10 challenge to CDC's regulation that requires all quarterly packages to come from approved
11 vendors rather than from family or friends, finding that the Sherman Act did not restrain state
12 action.  <u>Parker v. Brown</u>, 317 U.S. 341, 351 (1943).  In addition, this court relied on the Ninth
13 Circuit's recognition that <u>Parker</u> immunity extends to the actions of state executives and
14 executive agencies "within their lawful authority."  <u>Charley's Taxi Radio Dispatch Corporation</u>
15 <u>v. SIDA of Hawaii, Inc.</u>, 810 F.2d 869, 876 (9th Cir. 1987).  <u>See</u> 8/5/04 Order at 4-5.

16       Plaintiff argues that the challenged regulation was not enacted under the
17 Department of Corrections' "lawful authority" because the regulation was improperly adopted as
18 an emergency regulation when in fact no emergency justified it.  Am. Compl. at 23-25.  As
19 several Courts of Appeals have recognized, however, this does not defeat <u>Parker</u> immunity:

20     A state's antitrust immunity springs from an essential principle of
    federalism, the necessity to respect a sovereign capacity in the
21     several states.  Given this purpose, it follows that actions otherwise
    immune should not forfeit that protection merely because the
22     state's attempted exercise of its power is imperfect in execution
    under its own law.
23
24     . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

25 /////
26 /////

> Ordinary errors or abuses in the administration of powers conferred by the state should be left for state tribunals to control. A contrary rule would tempt aggrieved parties to forego available state corrective processes in hopes of obtaining the treble damages remedy conferred by the Sherman Act. Here state corrective processes were available, and the aggrieved parties could resort to them.

Llewellyn v. Crothers, 765 F.2d 769, 774 (9th Cir. 1985) (internal quotation & citation omitted); Interface Group v. Massachusetts Port Authority, 816 F.2d 9, 13 (1st Cir. 1987) ("the fact that the activity may be (not obviously) unlawful under state law (for reasons having nothing to do with antitrust) cannot make a legal difference for the purposes of antitrust immunity;" courts considering antitrust actions should not be forced to review state administrative law disputes).

Accordingly, even if the Department of Corrections violated California's Administrative Procedures Act in classifying the amendment to the package regulations as an emergency, the actors nevertheless are immune from antitrust liability. Plaintiff's remedy may lie in the California Courts. See Cal. Gov't Code § 11350(a).

To the extent plaintiff is asking the federal court to resolve the administrative questions, this court will recommend that the district court decline to exercise jurisdiction over plaintiff's state claims in light of its recommendation that the federal claims be dismissed. See 28 U.S.C. § 1367(c).

### B. California Law As A Source Of Property Rights

Plaintiff argues that California Penal Code sections 2600 and 2601 create inmate property rights, which may not thereafter be infringed without the procedural protections guaranteed by the due process clause. Am. Compl. at 8.

Section 2600 provides, in part, that an inmate may "be deprived of such rights, and only such rights, as is reasonably related to legitimate penological interests." Section 2601(a) defines one of the rights encompassed by the preceding section:

/////

/////

3

> Except as provided in Section 2225 of the Civil Code[1] to inherit, own, sell or convey real or personal property, including all written and artistic material produced or created by the person during the period of imprisonment. However, to the extent authorized in Section 2600, the Department of Corrections may restrict or prohibit sales or conveyances that are made for business purposes.

Cal. Penal Code § 2601(a).

The California Courts have found that these penal statutes do not establish any right to possess property in prison:

> Yet in 1975, when the Legislature reenacted section 2601 setting out the specific rights of prisoners "[t]o inherit, own, sell, or convey real or personal property, . . ." it did not include the right to wear, keep, and use his or her own personal possessions in prison. This legislative omission is significant.

In re Alcala, 222 Cal. App. 3d 345, 370-71 (1st Dist. 1990); see also Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002) (interpreting similar federal regulation and noting the "difference between the right to own property and the right to possess property while in prison"). Plaintiff's challenge is, at its core, an attack on restrictions to the type of property inmates may receive and keep in prison. Nothing in California law establishes a right to receive and possess property sent by one's family. Accordingly, this portion of the complaint fails to state a claim cognizable in a civil rights action.

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised

---

[1] This section relates to profits from an inmate's account of his offense.

1 | that failure to file objections within the specified time may waive the right to appeal the District
2 | Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 | DATED:  May 12, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2/eque2589.57